We'll go ahead and call our first case. We've got T-Mobile v. City of Wilmington. Thank you, Your Honor. May it please the Court, Scott Thompson on behalf of Appellant T-Mobile NE. I'd like to reserve four minutes for rebuttal. Although there is a potential issue in this case of whether T-Mobile's initial complaint was filed early, the Court need not ultimately reach that issue at all, because Rule 15c, Relation Back, cures any timing issue in this case. Was your complaint an amended complaint or a supplemental? It was a supplemental complaint, Your Honor, under Rule 15d, and the District Court granted it under Rule 15d because it raised a fact that it occurred after the initial complaint. Now, the Rule 15c relates, Relation Back Doctrine of Rule 15c concerns amended complaints as opposed to supplemental complaints, correct? No, that's incorrect, Your Honor. Courts have recognized, including the Third Circuit, that Relation Back applies both in Rule 15d, supplemental complaints, as well as amended complaints. I guess by its term, I guess my question meant by its terms, Rule 15c refers to amended complaints. On its face, it does apply to refer to amended complaints, but the courts, including this one, the Supreme Court, have all recognized that it applies as well to supplemental complaints. Is the problem with the Relation Back Doctrine that it relates back to the filing of the original complaint, and yet you're on this, as they said in the security insurance case, the legal merry-go-round, because now you're back to your complaint being premature? That's exactly the trap that the District Court fell into here. However, Your Honor, as you point out, we have multiple courts, the Ninth Circuit in security insurance, the Eighth Circuit, even the Supreme Court in Matthews v. Diaz, where they cited to security insurance, have all recognized that the Rule 15c is part of the remedial scheme of the Rules of Civil Procedure that are intended to be applied in a liberal fashion to allow cases to go forward on merits rather than technicalities. So those cases have all held. Is jurisdiction a technicality? Your Honor, the cases have held that, in fact, Rule 15c does cure jurisdictional issues. However, in this case, this has got a jurisdictional issue. Yeah, well, that's an important question, isn't it? You say it's not jurisdictional, but why don't you address the counsel tree language that talks about incurable prematurity? Sure, Your Honor. So there are a couple of issues that I would point out. The first is, as we point out in our reply brief, there are a series of recent Supreme Court cases, the Sebelius case, this Auburn Regional, the Musciato case, that point out that in order for a timing deadline to be jurisdictional, there must be a clear statement from Congress making it jurisdictional. I would point out, Your Honor, that the counsel tree case... Talk about Kalb, then. When we decided Kalb, we said, it looks to us like there's a jurisdictional problem here with the government's appeal for a motion for reconsideration in that case. It doesn't save the government 15c relation back because this is language about jurisdiction that's embedded in the same section, the same piece of legislation or rule. And that's what I understand your opponents to be saying here. This is part of the same information or the same statutory subsection, that subsection B7. What's wrong with that reasoning? Two things, Your Honor. Sebelius, Musciato, the recent decisions by Musciato make it clear that mere inclusion of the timing issue within the same subsection that may grant jurisdiction does not make the timing issue jurisdictional necessary. And in this particular case, subsection 332, it's C7 capital B little 5, is not written in jurisdictional terms. It says that a party that's aggrieved can bring an action within 30 days in any court of competent jurisdiction. That's very different than what I would point out in the, for example, the Council Tree case. That was an FCC case. The FCC's jurisdiction is addressed by the Hobbs Act, which specifically says, Your Honor, in 28 U.S.C. 2342 that jurisdiction is invoked. That's the kind of jurisdictional language that the Supreme Court's looking for. Jurisdiction is invoked. Okay. What is, what are we to make of the assertion? You seem to have gone past your issue about a writing and assuming that it was premature. I mean, for purposes of our discussion, we've been talking in terms of this being premature, but you've made the argument that it's not premature. Are you moving past that because you don't really need it to win your case? No. Because you recognize that it's pretty hard to say something's final when you don't have anything in this record, nothing to show finality except your say-so. There's nothing, there's no writing, is there? There's no transcript, there's no minutes, there's no... Sure. No, Your Honor, there is. Where is it? In the appendix. In the appendix, Your Honor, it is in, is at A395 and 396. In fact, Your Honor, this is a situation where the city acted, took its vote. We asked them to, said where is the written decision? We got no response. With the 30 days looking at, you know, looking down the 30 days, we filed our complaint because we believe that that was a final action. But after the city answered, it issued this written decision. And the parties... We're talking past each other. Okay. I know there's a later written decision, but your assertion is what happened at the meeting was final. Yes, Your Honor. There's nothing in writing to reflect that, is there? No, Your Honor, there wasn't. Okay. That we know of. So how would we write an opinion that would uphold your position that it was good enough for them to say it in an open meeting and trust us, even though there's nothing to reflect that in the record? It is a conundrum, Your Honor, and honestly, we would prefer that there be a clarity. If the court... But there was, there was a, eventually a transcript made of the hearing. There was a, there was a transcript, yes, Your Honor. So why didn't you obtain that transcript before you filed your action? I'm not sure when it was created, Your Honor. Well, I think I looked at the court reporter certificate and it was... And perhaps like in January 10, 1997. So after 30 days, but what would it prevent you from asking the court or whoever was there? There was a reporter obviously there to transcribe it. Then you'd have your writing. Yes, Your Honor. I think that a transcription done by a court reporter is not quite the same as, unless it's adopted by the city. In other words, if the city had adopted that within a certain period of time, we would have then said, okay, then that maybe is the writing. But I don't think that occurred here. We asked the city within two weeks after the oral decision, where's the written decision? Your Honor, this I think draws us to the issue that we've raised, which says that following the analysis of the Supreme Court in the Roswell case, if the final action has to be a written decision, then there needs to be a corollary requirement that that written decision follow in a reasonable period of time after the denial, the final act here being the vote. There's no question that that was its final action. Because otherwise we have no... No question it was their final action. If there was no question it was their final action, then we wouldn't be here, right? Maybe. Clearly there's a question. We shouldn't be because it was a technicality. There's no petition for reconsideration available. There's no further action we could take. Is there, in Riverkeeper 3, which we asked you to come and discuss, we talked about looking at the traditional hallmarks of finality. Would you say that a written decision, a written statement is a traditional hallmark of finality? Or do we traditionally operate on parties' assertions about what was said to them orally? Two things. Number one, I'm aware of states where... That's just a yes or a no. You can explain afterwards. Not necessarily. Do we traditionally operate on parties' oral state, parties' representation of what some government actors said to them orally? Or do we traditionally as a hallmark of finality look for something in writing? I would say that in most cases there's a writing, but it's not always. I would point out two As I said, there are states where the state requirement runs from the time of an oral vote. I'm aware of them. I couldn't tell you one off the top of my head, but I've run into them, which is part of what raises this kind of, oh God, do we write it to file? When you say states, Riverkeeper 3 again, do we operate off what the state says is final? No. Or do we operate on a principle of federal law? Your Honor, you did adopt a principle of federal law, and I would point out that if you apply the principles in Riverkeeper 3 to this situation, the Zoning Board of Adjustment's decision was it marked the consummation of the agency's decision making. It wasn't merely interlocutory. There was no, again, there was no option for petition for recon, which sometimes we see in, for example, the Council Tree case at the FCC. There was still a petition for recon pending. There was no opportunity for you to say, we'd like something in writing? We did. We asked them for it, and we didn't get a response. And that's at A71 of the appendix. I'm sorry, A164. And is there something with the shot clock, so to speak, that you can prompt or provoke? I think that that's a misleading sort of a red herring, Your Honor, to suggest that in a scheme where we have to file within 30 days, that a city could take an action, vote, there's no further procedure available, and that we have, the only option we have is to wait, and then file an action only for failure to act, the remedy of which would be now they're going to issue a decision, possibly months later, that we could then appeal. Which is possibly months later. I mean, there's a statement from the agency. Actually, before I ask that, let me ask this. Do you or do you not start that clock with your filing? Or does the clock wait and start when they say deny? The FCC shot clock starts when the applicant files its application for approval. So that, in your view, the 90-day window, or the other side's view, the 150-day window, that started running as soon as you filed your application? Correct, Your Honor. Your amended application. No, no, Your Honor, I believe he's talking about the underlying zoning. Yeah, yeah. But don't you concede that the clock started when you filed an amended application in August? Yes, that's right. Okay. I see my time is out, unless you have further questions. No, no. Your Honor. Okay, that's fine. You, so that agency is talking about, with its expertise, this is what we think is a state agency to act. And that clock started with the filing of your amended petition. What makes you think that because you couldn't do anything to provoke them to get something to you in writing as soon as you would like, that it's still not within the reasonable balance of that state agency's authority to wait and issue its statement in writing when, as long as it's within the shining law? Well, Your Honor, there are two, I guess, two thoughts I have on that. The first part is the requirement to issue a written decision is an independent part of Section 332. That assumes the answer, doesn't it? I mean, that's part of what we're talking about here, is whether it's final because they said something at a meeting, or it's final later when there's something in writing. Your answer assumes that it was final because they said something. That's the thing we're trying to wrestle with. No, the point I was going to make, Your Honor, was that if we find that a written decision is the final action, and can be the only final action that would trigger the ability to file a complaint, we could never file a complaint that says that they failed to issue a written decision as part of their denial. I view it as an independent requirement under Section 332. Subsection 3, little 3, says that the decision to deny must be in writing and supported by substantial evidence. If we say that we can only file once there is a written decision, we could never claim that they've failed to issue a written decision. Why would that be? You make it sound like that would be of null and no effect. Somehow it would be surplusage. Why can't that section actually cut exactly the other way and be a statement that not only is this a command to the agency to do it, but it's a requirement for finality? Why can't it be both? I suppose it could be, Your Honor. Let me point out that in their answer in this case, the city alleged that with its October 26 vote, which they called it the ZBA decision repeatedly, they said that they had acted within a reasonable time. That was in paragraph, I believe it was 109 of their complaint. That was their answer. Doesn't Roswell actually... Indeed, doesn't the Chief Justice's dissent in Roswell say, well, sensible agencies now will wait and they won't have a final decision until they've got their written stuff teed up? In effect, it's almost like an encouragement from the Supreme Court. Okay, you've seen what we said in Roswell. I guess it won't be final until you do something in writing. Isn't that sort of the bottom line that the Chief Justice gives people from Roswell? It's a conundrum that's raised, certainly, Your Honor. I would point out again, we recognize that there's a dilemma here about a written decision. It would certainly be clear if there could be a written decision. We believe that in order to have a final act, there must be a written decision. Just as the Court in Roswell said that the reasons must be contemporaneous with the written decision, the written decision should be contemporaneous with the denial to prevent this kind of conundrum that we get caught up in about whether or not to file. We're caught up in part in this conundrum because instead of filing a supplemental complaint or leave to file a supplemental complaint within 30 days of the written decision, you Your Honor, I don't know that it was a year. I can't remember the dates off the top of my head. That's perfectly acceptable under the cases. That's exactly what happened in the securities insurance case. The reality is, in this case, it's not as if there was a question about the existence of that decision. The parties mentioned it in a filing to the Court just three days after it was issued and the parties proceeded on it. Nobody's suggesting that Wilmington was caught flat-footed. I think you're missing the importance of Judge Van Aske's question, which is, we wouldn't be here at all if you filed it timely, but you didn't. So, you represent a sophisticated party. They can afford to hire excellent lawyers like yourself. They know these cases. They litigate them all over the country. We've been talking about one of them at some length, Roswell. Why shouldn't you be helped to know what your time frames are and live within them? Because, Your Honor, two reasons. Number one, we believe that, as I said, that we had a final action. Number two, the parties notified the Court of the existence of that written decision and that scheduling order, and the parties went forward to litigate it. Your answer seems to me to be kind of voiding and not answering the question. When you say we believed we had a final answer, you might have believed it, but you knew you had a final answer when you got something in writing. You pressed them for something in writing. You sued them. You said they'll only respond when you sue. Okay, so then maybe you're right about that, but then they gave you something in writing. Why didn't you just file something then? Sure, Your Honor, and it certainly would have been easier if we had, but the courts have recognized that the rules of civil procedure want cases to be decided on the merits. As long as there was no surprise to the city, which obviously there could not have been in this case. It was the city's own written decision and the parties moved forward. The issue of when we perfected the formality of noting in our complaint the issuance of a written decision that everybody knew about, the rules of civil procedure say that that should be fine and let's get to the merits, which is what we are seeking to do in this, Your Honor. That seems to assume that we're not talking about jurisdiction here. I know you say jurisdiction. A mere formality. A simple technicality. But jurisdictions, you know, we take that pretty seriously usually. So if this was jurisdictional, then your assertion that the rules just allow us to walk past that without really concern seems to take the issue kind of lightly, doesn't it? No, Your Honor, I don't think it does. The courts in Matthews v. Diaz, Wilson, Bates v. Westinghouse Electric have all noted that this supplemental complaint can cure even what might be a jurisdictional issue. Though in all those cases it was an issue of, you know, there was a premature filing for something that was alleged to be a requirement for the court's jurisdiction. And those courts, including the Supreme Court and Diaz, said that that's the kind of remedy that Rule 15c is intended to allow. To lead to merits rather than technicalities. I have, if my colleagues want to talk to me, just a historical question here to ask you. And that is, could you still, is there anything to prevent you, meaning T-Mobile, from going to the City of Wilmington and filing exactly the same application today? Today, I don't think so. There may be a limit. Many cities have a provision that says you can't file within, many cities have a provision that says you can't refile the same application within a certain period of time. Sometimes it's a year. I don't remember off the top of my head. I think Wilmington's got six months. I'm not sure. Okay, I can't remember. We're well past that point. You could file the same thing today and all your rights would be protected. Is that right? We could refile. I believe so, Your Honor. Right. And I take it that hasn't happened yet? No, we have not, Your Honor. Okay. Judge Nygaard, any questions? I have none. All my questions have been asked and answered. Thank you. All right. Thank you. Thank you. May it please the Court. My name is Joe Van Eaton. I'm representing the city of Wilmington in this matter. Let me start, if I could, by addressing the Riverkeepers case because I think it goes to the question of when the decision became final, which is obviously critical to the determination, and then turn to what we think is critical, which was we think this is a jurisdictional provision and even if it isn't, that the relation-backed doctrine doesn't work in this particular case to remedy the defect. Under Riverkeepers, the basic standard the Court adopted with respect to a decision did not become final until it had substantive legal effect. That's the essence of the holding there. And in that case... Then why don't you answer Mr. Thompson's assertion that there was substantive legal effect. They told us it denied, and that was that. There was no provision in the law for motion for reconsideration or anything like that. They were told, you're not getting this. And then by their account, the city messes with the applicant by not giving them something in writing. They do that regularly, but whether that's true or not, here they say there was nothing for us to do. There is no substantive legal effect until the order is entered. It can be changed up to that point. It's not final. It's just like some of the cases that held, even the cases that hold... But should we make of the fact that the order itself says that now on the 26th day of October 2016, the Board is of the unanimous opinion that the proposed use would not be in harmony and is denied in the present tense. Why don't we look at that as saying, well, that's the operative date? Because the effective date of the certification, which is what's critical under the Delaware state law, is the date it was entered, which I believe was December 21st. So until that's entered, that's the operative date. All they're reciting is effectively, we took a vote on that date. But it doesn't take the action back to the 26th. The effective date is the date it's certified as a matter of state law.  and the way it's applied under Delaware state law. Why would we be paying attention to when you say as a matter of state law? You wanted to start with Riverkeeper. Riverkeeper repeatedly emphasizes that finality is a question of federal law. Right. The state chooses to call something final before federal law would call it final or chooses to call something final after federal law would call it final. It doesn't matter. Well, Riverkeeper starts... Riverkeeper obviously involved two different bodies, the EHB and the Department of Environmental Protection. Riverkeeper doesn't say, we look at whether the process... Riverkeeper didn't start a second-guess state law as to how an authority made its decision effective. No, it doesn't start a second-guess state law. But it does say, we look at what is indeed final. We don't pay attention to what the states necessarily label it. So when you issue an order that says, as Judge Van Aske did, it's denied this day, why wouldn't we take that to be a final action as a matter of federal law rather than saying, well, state law allows the agency to file it, you know, imagine, up to five years later. No, what I'm saying is something different, which is the actual date that it had legal effect is not the date they took the action. It's the date that order was entered. So it's akin to saying... I don't think we're saying something different. I think we just must be not connecting. If they say it's denied this date as a matter of federal law, what do you rely on to say, well, that's not really final, because the state says it's not final until that piece of paper gets filed and that could be months later. Why would, as a matter of federal law, we say, oh, that makes a lot of sense. It's not really final, even though they said final. The question you ask in Riverpaper is when does it have legal effect? So if the city council was adopting an ordinance and on first reading voted unanimously to pass it, it's still not final until the third reading. And federal law would never come in and say, oh, it's final even though it hasn't actually been adopted. It would look to the date that the action becomes effective. And that date is not the date that's entered, which is simply a minute entry effectively. It's the date at the bottom of that same piece of paper which said certified this date of blank. And you have to take those both into account, I think, to recognize that the action was taken on December 21st. Not that the action became effective for purposes of having any legal effect on the 21st. Had they never entered the order, we couldn't have moved to enforce it. Nothing could have happened until that was entered from our side or theirs. If they'd approved it, could they have started building immediately? If they'd approved it, they could have, I suppose it's hard to answer that question in the sense that they should not start building until the order is entered. So, but, if they'd gotten an approval, they could have gone out, they could have started up on that roof and started constructing. Isn't that an odd world where denial requires one thing but an approval? It doesn't, it doesn't. Let me try to make my answer clear. Let's suppose we assume that there was a group of citizens who opposed the application and they started going out and building before the order was entered. The citizens could have stopped the construction until the order entered. If no one's opposing it and someone starts construction, no one notices it. I guess I'm trying to honestly answer your question. But technically, they should not begin construction if it's approved and they aren't precluded from, the city's not precluded from changing the decision. And by the way, they can ask for reconsideration or rehearing at any time. Nothing in this code precludes that. It would actually it actually is something that's actually permitted, I believe, under Delaware law. The, let me turn The city of Wilmington knew that this was being contested, at least from November 28th, whatever date the action was instituted. It was the action that was taken at the October 26th meeting. The written decision doesn't say a whole lot different than what was said by the members of the zoning board at the hearing itself. How are you prejudiced by the fact that they don't tee up the fact that there was a written decision and even then, they did tee up the fact that there was a written decision and a submission to the court in December December 27 16, they sent a proposed scheduling order that referenced the written decision. How are you prejudiced here by the fact that they didn't file a supplemental complaint until a year later? So, I guess the prejudice to us comes from the way the entire process is set up under 332C7, which in part goes to the question of is it a jurisdictional requirement? The idea of the act is obviously to provide some protections to wireless providers but the title of section 332C7 is the preservation of local authority. And local authority is disrupted when, as in this case, while before the proceeding is actually finalized we essentially have to come in and defend the case in federal court as well. But you were defending the case in federal court. I mean, everybody knew what was going on. There wasn't some mystery. Everybody knew exactly what was going on. I understand what I'm saying. The question was, how are we prejudiced? We're prejudiced because the way the act is set up we get to complete our process before the action commences in federal court. And that is an important component of the way you protect local zoning authority. If you imagine not just this case, but any case Now you're talking about the front end. You're talking about, hey, they filed too soon and that's a bad thing. Okay, that's a bad thing. Now we're talking, or at least I am, about the back end. You knew the whole time what they were contesting and they filed a supplemental leave to file a supplemental complaint. That was granted. So the question stands. How are you harmed? What's the prejudice to the city under those circumstances where yeah, maybe they came out of the box too soon but everybody knew what was at issue and we're not even talking about the too soon piece anymore. Your argument is, well, you can't save your too soon because you filed too late. I mean, we wouldn't be having this discussion at all if they'd filed within 30 days of what you assert is the final action in the filing of that in December, right? That's correct. The only issue is you filed too late. That's not right. So the question is, how are you prejudiced? Everybody knew what was at stake all along. The difference between, had they filed in 30 days, and we mentioned this in our brief, their contention which they've litigated strongly and we've had to defend strongly that we failed to issue a decision in writing wouldn't have been available to them in any sensible way that they did. Assume you win that. You win, there had to be a writing. Okay, and they should have filed within 30 days of the writing. And they didn't. Now the question that we're trying to get you to answer is, how are you hurt? Assume, for the sake of discussion, it's not jurisdictional. Assume we thought it's not jurisdictional. What's your harm? How are you hurt by what happened? So I'm going to try, I'm thinking of your back end point. I'm obviously, I think, harmed by the fact that I have to expend resources to defend against a claim that's based on a prematurely filed complaint that they could have cured. Had they cured, we would have been in a position to deal with the fact that they filed It's true in any relation back circumstance. Somebody could say well, I wouldn't have had to deal with this 15C, that's just so unfair, they didn't do stuff when they should have. But relation back says yeah, maybe there's a little problem there but you know what, we want to get to the merits so we're getting to the merits. I don't think that. I think that's different than the typical 15C Their claim is not that the writing itself, they obviously want to raise a claim that the writing itself was defective their claim is that there was no writing at all we've been defending against that claim that claim would not have been available had they filed after December 21st in a timely way I think you're fighting a hypothetical now I'm asking you to assume you win that alright, that you win this win on the point that there needed to be a writing that they were wrong about they don't need a writing, etc., etc. and what we're talking about here is the merits of their petition or their application to be able to build this cell tower, which the city denied in part because of fears that radio waves would hurt people's brains according to the record and they say that's just wrong this is a matter of federal law that can't be a reason you're nuts I understand that's the merits stuff or among the merits things they want to argue since you knew all along that was the issue and everybody's known all along that's the issue what's the harm to the city in having to defend on the merits if this is not a jurisdictional point and I go back to if we have you're assuming you're saying it's irrelevant I guess where I would disagree with you is I think it's relevant that they pursued a claim that was based on a writing a lack of a writing and they could not have had they filed in a timely way that claim would never have arisen because the writing would have been plain I understand your I don't think you understand what I'm getting at I'm trying to get you to just answer the question of prejudice if we're going to deal with the merits I take it your answer is we're not prejudiced because all along we knew that was the merits issue so if you deal with the merits issue we have no argument we have no argument that we're prejudiced on the merits because we did know all along is your repeated effort to say yeah but it's about the writing it's about the writing to avoid the merits issue let me try to state it a different way when the act sets up a structure that's designed to protect our authority to make decisions and that allows for some court review and I think the truth case out of the 11th circuit sort of says that structure is very important and we are prejudiced in our ability to go through that process if someone can file early and then file late and correct everything it's the fact that that disrupts the entire process and the decision making the prejudice is we don't like being taken out of our time box and I'll repeat to you the question isn't that always the issue with a non-jurisdictional point and the relation back provided for by 15C isn't there always some unfairness in that but yet the rules say we'll live with that unfairness because we want to get to the merits isn't that the same thing in every relation back case I suppose you could say that there's certainly something there's an element of that but in this case I think the difference is that you're trying to preserve that structure of decision making which allows third parties like the public to participate and when you disrupt that process you impose disruption of the basic protections and that's where the prejudice comes in that's why you wouldn't allow it to come back even if it's non-jurisdictional you might say the parties could agree to extend it but you can't come up with a situation where someone can file early just like you can't normally you can't that administrative cases appeals are deemed incurably deficient if they're filed before the order is finalized the idea is to protect that administrative process counsel free was as your opponents assert that was the case where it clearly was a jurisdictional issue and I think in this obviously we feel in this case it was jurisdictional as well while the supreme court sort of disavowed deal with Sebelius then come right out of the box and talk to us about Sebelius because Sebelius says in pretty strong language hey stop calling everything jurisdiction unless congress says it's jurisdiction he treated his claims properly that's paraphrasing loosely but that seems to be the message isn't it? well actually I think that's I think what Sebelius says is there's no magic words that are required congress doesn't have to say this is jurisdictional you look at the history the context and the text in deciding whether it's jurisdictional and while it may not be we inquire whether congress has quote clearly stated that the rule is jurisdictional and absent such a clear statement we have cautioned courts should treat the restriction as non-jurisdictional in character that's the language of the supreme court of the United States and isn't the next line or one or two lines down there that doesn't require magic words? yeah it doesn't require magic words but it requires a quote clear statement and you get the clear statement by looking I believe the court said in this and the Henderson case and in the more recent cases that you look at history context and text in determining whether it's jurisdictional so in this case I think you look at the text I think while it may not be dispositive it's certainly relevant that the cause of action arises in a section that says except as provided in this paragraph we're preserving local authority over zoning so the federal intrusion is meant to be limited it deals with the preemption issue and that intrusion on constitutionally protected local rights is to some degree narrow why isn't that just a statement about this is the way we want claims processing to work this is the way it's supposed to work as opposed to this is the way it's supposed to work and it's jurisdictional and if you go outside of this you're done I think you look at the question so you look at the creation the fact that it's created within 332 c7 itself that it gives the cause of action that arises in it and that the purpose is to preserve the local jurisdiction and if the purpose is to preserve the local jurisdiction over zoning then allowing an early entry it goes back to my point which is whether you view it as jurisdictional or as arising under an equitable principle allowing someone to disrupt the process by filing early and we're talking about not just this case but anyone could come in and file early and then correct under 15d later as a strategic and you know their complaint admits this was a strategic matter it was a strategic choice for litigation purposes but they could have done that within 30 days of issuance of that written decision and we wouldn't be here at all that would be I really don't follow this disrupting the local autonomy because if they had filed within 30 days what we would be essentially saying is we're just saying they filed a valid action against the city within the time the statute allows that's why it would be permissible I have one question local rules can T-Mobile come back in now and file another application yes they could presumably they'll have the advantage of the orders they could come in and propose the same thing they could come in and provide different evidence they could come in and use a different technology to do why invest the money in the lawyers at the time both parties are talking about time is so important days matter to us why are we here you know way way way after the fact if 6 months later they could have filed the same thing what's really going on here that's a tough question for me to answer for the city because honestly if I would have either refiled or come in and put in something called a distributed antenna system that uses the streets to provide the service I mean that was an option that was considered we don't understand it you really don't you don't have any sense about what's motivating them usually people don't spend this kind of money unless there's something going on I think no I honestly don't the closest I can come to it is they don't want to give the zoning board of appeals a chance to act on a new application because I think they think they won't get a positive answer but I don't know that that's true at all is it because they're afraid they won't have some zoning board member stand up and say it's because of radio waves well no one said that but you had citizens say that there's no question citizens will come in and say that the board's not going to act on that basis and they didn't act on it and our view is they didn't act on it in this time but I think what they're concerned about is that there are alternatives that would not involve the placement of this facility at the location involved would amount to an additional structure that's my take but I don't know if that answers the question because if their concern is providing service we think there are alternatives to providing service and it would certainly make the case clear if it was refiled and appealed in a proper manner I mean that's one of the reasons why we think viewing this as jurisdictional is helpful to a clean decision and avoiding putting courts in a position of second guessing what was done at the local level Mr. Jagart? No? Okay. I have none. Thank you. Thank you very much. Thank you Mr. Banny Mr. Thompson you're about and you could start with the question that I asked Mr. Banny in advance since you can I heard you say you could do it he said you could do it that is just filing an application on behalf of T-Mobile why the time, money, effort expenditure to litigate this case when you had a fraction of the cost and much sooner filed a new application gotten an answer? Oh because well two reasons your honor first of all we believe that the original denial was incorrect on the merits in several respects and we why would they grant it the second time they're just going to issue the same denial what the counsel is suggesting we should file the same application, get the same denial and then go through the same litigation a second time with all the same facts. It wouldn't be the same litigation right? What's that? It wouldn't be the same litigation because right now the litigation we're fighting right now is whether you get to get to the merits at all that's what this is all about that's what this appeal is all about it's not about the merits, it's about whether you get to the merits right? And we wouldn't be having this fight if you just filed another application so that's why I'm a little puzzled and I don't want to take us too far off topic the inner workings of the T-Mobile strategic planning folks I mean I'm not asking you to reveal something you shouldn't I'm just trying to figure out as a practical matter why we're fighting over a purely procedural issue unless it's because you got a record below that you think helps you on the merits that you don't think you can recreate the second time or something like that I'm just a bit flummoxed. Your honor I believe that the answer comes down to we believe that the district court was wrong to at that last minute avoid the merits based on technicality and that in fact it had before it a record that had been developed you could have gotten to the merits way sooner than this if six months later at the moment you could have filed you refiled, the clock would have started, their shot clock would have been going I mean you'd have gotten a merits decision before you're going to get a merits decision clearly before you're going to get a merits decision after we rule on a procedural matter and then it goes back to the district court and the district court if you win says okay gotta go back to the city so it's not making sense to me for you to say oh we just want a decision on the merits because you'd have been at the merits a lot sooner than this Your honor I'm not sure that we would have. It took us a long time to get to the merits and we believed that the court erred under the clear law in failing to rule that the supplemental complaint cured anything. Councils first of all just to address quickly the jurisdictional point the section 332 subsection 5 is very different from for example the 28 USC that grants jurisdiction to the courts of appeal for FCC appeals so we think that under there is no clear statement here and there's no indication from the text the other thing I wanted to point out is council kept arguing that their process that this was somehow interrupting their process in their answer they repeatedly said the ZBA's decision is supported by substantial evidence. The ZBA's decision I'm quoting here does not effectively prohibit. They knew exactly that they had acted. They knew that they could respond on the merits to our claims. They didn't say we haven't acted we don't know what to say to this yet that's what they could have said if this was truly premature but it wasn't everybody knew what was going on and it was appropriately the formality of the pleading was corrected in a timely fashion and we believe that under the 9th Circuit's decision the 8th Circuit's decision even the Supreme Court's blessing on those cases this is exactly the kind of case that Rule 15C was intended to reflect the remedial nature of the rules of civil procedure so that the district court could have reached the merits that were before them at the time Thanks very much Mr. Connell Thank you Your Honor Appreciate the argument of council we got the matter under advisement we'll call our next